IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM H. GILLIAM, <br><br> Plaintiff, <br><br> vs. <br><br> GEORGE RICK ROBINSON, <br><br> Defendant. | Civil No. 25-00340 MWJS-WRP <br><br> ORDER DISMISSING CASE WITHOUT PREJUDICE |

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Plaintiff William H. Gilliam filed this action in federal court on August 11, 2025. Dkt. No. 1. Together with his complaint, he filed a motion for a temporary restraining order and a preliminary injunction. Dkt. No. 3. In his filings, Gilliam seeks to enjoin Respondent George Rick Robinson, a court-appointed receiver, from taking steps to carry out a foreclosure in an ongoing state court case. *See* Dkt. Nos. 1 & 3. For the reasons explained below, the court abstains in favor of the state court case, and this action is DISMISSED without prejudice.

## BACKGROUND

In 2016, a state foreclosure action was filed against Pacific Rim, a since dissolved corporation, in the State of Hawaiʻi Circuit Court of the Fifth Circuit. *Ass'n of*

*Apartment Owners of Kuhio Shores v. Pac. Rim*, Civ. No. 5CC161000063 (Haw. Cir. Ct.). [1]

In 2018, the state court appointed Robinson—now the defendant in this case—to act as a receiver on behalf of Pacific Rim. Dkt. No. 16-1, at PageID.108-12. As the receiver, Robinson sought the state court's instructions for actions related to the foreclosure, including an order to sell the property and a writ of eviction. *See, e.g.*, *Ass'n of Apartment Owners of Kuhio Shores*, Civ. No. 5CC161000063, Dkt. Nos. 324 & 326. Gilliam, who lives in the property and claims he is its rightful owner, has opposed Robinson's motions. *See, e.g.*, *Ass'n of Apartment Owners of Kuhio Shores*, Civ. No. 5CC161000063, Dkt. No. 359.

Gilliam was initially involved in the state court case as a non-party, but after an appeal of an earlier order to sell the property and a writ of possession to the Intermediate Court of Appeals, *see Ass'n of Apartment Owners of Kuhio Shores at Poipu v. Pac. Rim Prop. Serv. Corp.*, No. CAAP-19-0000778, 2024 WL 1656266 (Haw. App. Apr. 17, 2024), he was named as a party to the foreclosure action, *Ass'n of Apartment Owners of Kuhio Shores*, Civ. No. 5CC161000063, Dkt. No. 258. At one point, Gilliam sought to remove the case to federal court, but it was remanded for lack of subject matter jurisdiction. *AOAO of Kuhio Shores at Poipu v. Pac. Rim Prop. Serv. Corp.*, Civ. No. 25-

---

[1] The court takes judicial notice of the filings in that case. *See* Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (stating that a court "may take judicial notice of court filings and other matters of public record").

2

00163, 2025 WL 2300791 (D. Haw. June 27, 2025), *findings and recommendations adopted by* 2025 WL 2300568 (Aug. 8, 2025).

Gilliam then filed this complaint against Robinson in federal court on August 11, 2025.  Dkt. No. 1.  On the same day, Gilliam filed a motion for a temporary restraining order and a preliminary injunction.  Dkt. No. 3.  The complaint appears to assert a 42 U.S.C. § 1983 claim against Robinson for violating Gilliam's federal constitutional rights to due process and equal protection in the ongoing state court case.  Dkt. No. 1.  It separately cites to the Employee Retirement Income Security Act of 1974 (ERISA) and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962 and 1964.  Dkt. No. 1.  As relief, Gilliam seeks to enjoin Robinson from taking actions to proceed with the foreclosure in state court.  *See* Dkt. Nos. 1 & 3.

Because Gilliam indicated that he was seeking an order "to enjoin and restrain any further actions" in the state case, Dkt. No. 9, at PageID.51, the court directed briefing on (1) whether the court should abstain from exercising jurisdiction in these circumstances under *Younger v. Harris*, 401 U.S. 37 (1971), and (2) whether, as a state

court-appointed receiver, Robinson is entitled to quasi-judicial immunity.[2] Dkt. No. 20. Gilliam and Robinson each filed responses addressing these issues.[3]

## DISCUSSION

1. When a related case is pending in state court, federal courts are sometimes called on to exercise equitable restraint, known as abstention. Under the *Younger* abstention doctrine, "federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014); *see also Younger*, 401 U.S. at 44-45. If at any point during a case a federal court determines that it should abstain in favor of

---

[2] The court initially directed briefing on (1) whether the *Rooker-Feldman* doctrine strips this court of jurisdiction to hear this case as a de facto appeal from state court, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); and (2) if it does not, whether the court should nonetheless abstain from exercising jurisdiction over this action in light of the pending state case under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Dkt. No. 14. After reviewing the parties' briefs, the court directed further briefing on *Younger* and quasi-judicial immunity, and the court now disposes of this case on those grounds, as explained below. Dkt. No. 20.

The court had also directed briefing on whether it should recognize the earlier finding of a Hawaiʻi state court that Gilliam is a vexatious litigant. Dkt. No. 14. In light of the dismissal of this case on abstention grounds, the court declines to reach that issue.

[3] Gilliam filed his first response late and filed a further response that was not authorized by the court. *See* Dkt. Nos. 15 & 17. The court considers these filings in its ruling, but it reminds Gilliam that he must comply with all court rules and deadlines. *See Williams v. 24 Hour Fitness USA, Inc.*, Civ. No. 14–00560, 2014 WL 7404604, at *4 (D. Haw. Dec. 30, 2014) ("Pro se litigants are responsible for complying with all of the applicable court rules and deadlines."); LR7.2 ("Any opposition or reply that is untimely filed may be disregarded by the court or stricken from the record."); *id.* ("No further or supplemental briefing shall be submitted without leave of court.").

the state court, it may sua sponte dismiss the federal case. *Rinegard-Guirma v. U.S. Bank Nat'l Ass'n*, Civ. No. 13-1072, 2013 WL 4017884, at *1 (D. Or. Aug. 6, 2013); *see also Agustin v. Cnty. of Alameda*, 234 F. App'x 521, 522 (9th Cir. 2007).

While *Younger* abstention was initially created for state criminal proceedings, it has since been extended to a limited set of state civil cases. *Id.* at 759; *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018). For *Younger* abstention to apply in a civil case, four threshold elements must be met: (1) there must be an ongoing state judicial proceeding; (2) the state proceeding must be a quasi-criminal enforcement action or involve a state's interest in enforcing the orders and judgments in its courts—that is, challenge the "core" of the administration of a state's judicial system; (3) the state proceeding must implicate important state interests; and (4) there must be an adequate opportunity to litigate federal constitutional challenges in the state proceeding. *Readylink Healthcare*, 754 F.3d at 759. Additionally, where these threshold requirements are met, a fifth requirement comes into play: the requested relief in the federal court action must seek to enjoin the state court proceeding or have the practical effect of doing so. *Id.*

As an initial matter, the four threshold elements of *Younger* are met here. First, as Gilliam himself notes, *see* Dkt. No. 15, at PageID.84, there is no state court final judgment in the foreclosure action. Second, the state court case involves the state's interest in enforcing orders and judgments in its courts. That is because Gilliam seeks

5

to interfere with Robinson's ability to seek court instructions to sell the property, which involves "the administration of the state judicial process." *ReadyLink*, 754 F.3d at 759; *see also id.* (providing the appointment of a receiver as an example of a "'[c]ore' order" that "involve[s] the administration of the state judicial process"); *Gilliam v. Watanabe*, Civ. No. 20-00201, 2020 WL 5223778, at *3 (D. Haw. Sept. 1, 2020) (explaining that court instructions to a receiver to sell property "relate[s] to the state courts' ability to enforce compliance with judgments. . . " (cleaned up)).  Third, the state foreclosure case implicates important state interests in property disputes within its borders.  *See, e.g.*, *Gelinas v. Wilmington Savs. Fund Soc'y, FSB*, No. C17-0300, 2017 WL 2876302, at *3 (W.D. Wash. July 6, 2017); *Rinegard-Guirma*, 2013 WL 4017884, at *2 (explaining that a state has "strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property" (cleaned up)); *see also Gilliam*, 2020 WL 5223778, at *3 (noting that the ability to enforce the state court's judgments through the receiver is an important state interest).

Fourth, Gilliam could raise any constitutional challenges to Robinson's actions taken in his capacity as the receiver in state court.  On this element, Gilliam presses that by the time the state case is resolved, if he is evicted and the property sold, he will have no recourse and his claims will be rendered moot.  Dkt. No. 15, at PageID.77.  But Gilliam has offered no reason why the state court forum would not suffice to protect his

interests in the first instance. And "[m]inimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (emphasis omitted). Indeed, as Gilliam is now a party to the state action, he is free to raise any constitutional challenges in that forum.

That leaves the fifth *Younger* element, which is whether the federal case seeks to enjoin the state proceeding. Gilliam maintains that it does not; he would separate the actions of Robinson, the named defendant, from that of the state court itself. *See* Dkt. No. 15, at PageID.78 (explaining that he requests only that Robinson, not the court, be enjoined). But the distinction between the receiver and the court itself is not as clear cut as Gilliam suggests. State court-appointed receivers act as arms of the court, and so enjoining Robinson would serve to enjoin an arm of the court itself. *See Mendoza Aquino v. Deutsche Bank Tr. Co. Ams.*, Civ. No. 19-00393, 2019 WL 5789846, at *3 (D. Haw. Nov. 6, 2019) (citing *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302-04 (9th Cir. 1989)). Moreover, it is sufficient for the federal case to have the *effect* of enjoining the state proceeding. And it is clear that Gilliam's sole aim is halting the state foreclosure proceedings. The court therefore concludes that the fifth requirement is satisfied here. *Accord Hoffman v. City of San Diego*, No. 18cv02654, 2019 WL 1112046, at *3 (S.D. Cal. Mar. 8, 2019) (dismissing § 1983 action seeking injunctive relief against receiver based on *Younger* abstention grounds).

To recap, each of the *Younger* elements are present in this case. And there are no exceptional circumstances that cut against abstention here. *See Lebbos v. Judges of the Sup. Ct.*, 883 F.2d 810, 816 (9th Cir. 1989) (noting abstention may be inappropriate where there is bad faith or harassment). The court therefore must abstain in favor of the state foreclosure action. Moreover, the court's abstention is not temporary; the only relief Gilliam seeks in the federal case is injunctive in nature. Accordingly, the appropriate remedy is dismissal of this case. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) ("When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, *permanently* by dismissing the federal action because the federal court is only being asked to stop the state proceeding.").

2. Even if *Younger* did not apply, Gilliam would be barred from obtaining injunctive relief in these circumstances for at least two additional reasons. First, as a state court-appointed receiver, Robinson is entitled to quasi-judicial immunity for actions taken pursuant to the court's appointment. *See New Alaska Dev. Corp.*, 869 F.2d at 1302-03. That immunity extends to Gilliam's § 1983 suit for injunctive relief, since Gilliam has not alleged that a "declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Gilliam*, 2020 WL 5223778, at *4 (concluding the same); *Marn v. McCully Assocs.*, 667 F. App'x 978, 979 (9th Cir. 2016) (concluding that the district court properly dismissed § 1983 claim for injunctive relief because the receiver was entitled to quasi-judicial immunity). Second, ERISA would not provide a

8

ground for federal jurisdiction here because the facts summarized in Gilliam's complaint—all of which address the state court foreclosure proceedings—are unrelated to the enforcement of ERISA's provisions. *See AOAO of Kuhio Shores at Poipu*, 2025 WL 2300568, at *2 (remanding case to state court because Gilliam could not have initiated it in federal court based on ERISA, and no other basis for federal jurisdiction existed).

## CONCLUSION

In light of *Younger*'s application to this case, the court abstains in favor of the ongoing foreclosure proceedings currently pending in state court. Accordingly, the court DISMISSES this case without prejudice. Leave to amend is DENIED as futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: September 22, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 25-00340 MWJS-WRP; *William H. Gilliam v. George Rick Robinson*; ORDER DISMISSING CASE WITHOUT PREJUDICE